**MENZ BONNER KOMAR & KOENIGSBERG LLP**
Patrick D. Bonner Jr.
One North Lexington Avenue, Suite 1550
White Plains, New York 10601
Tel.:  (914) 949-0222/ Fax:  (914) 997-4117
(pbonner@mbkklaw.com)
*Attorneys for Defendant Sentinel Insurance Company, Ltd.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

-------------------------------------------------------------------x
CONRAD J. BENEDETTO, THE LAW OFFICES
OF CONRAD J. BENEDETTO, and JOHN GROFF,

            Plaintiffs,

    -vs-

SENTINEL INSURANCE COMPANY, LTD.,
 JOHN DOES and ABC ENTITIES A-Z,

            Defendants.
-------------------------------------------------------------------x

Civil No. 20-cv-483

**NOTICE OF REMOVAL**

TO THE CLERK OF THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY:

    PLEASE TAKE NOTICE THAT, on this date, Defendant Sentinel Insurance Company, Ltd. ("Sentinel"), by and through its attorneys, Menz Bonner Komar & Koenigsberg LLP, files this Notice of Removal pursuant and 28 U.S.C. § 1446, removing the entire action from the Superior Court of New Jersey, Law Division, Burlington County to the United States District Court for the District of New Jersey.  This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332, the diversity jurisdiction statute.

    In support of this Notice of Removal, Sentinel states as follows:

## **PROCEDURAL BACKGROUND**

    1.    On November 13, 2019, an action entitled <u>Sentinel Insurance Company, Ltd. v. Conrad J. Benedetto, individually and doing business as The Law Offices of Conrad J.</u>

Benedetto, and John Groff, civil action no. 19-cv-20142, was commenced in the United States District Court for the District of New Jersey ("the Federal Court Action").  A copy of the Complaint in the Federal Court Action is attached hereto as Exhibit A.

2. On December 14, 2019, an action entitled Conrad J. Benedetto, The Law Offices of Conrad J. Benedetto, and John Groff v. Sentinel Insurance Company, Ltd., John Does and ABC Entities A-Z, docket no. BUR-L-2611-19, was commenced in the Superior Court of the State of New Jersey, Law Division, Burlington County ("the State Court Action").  A copy of the Complaint in the State Court Action (the "Complaint") was improperly served upon Sentinel by certified mail on December 17, 2019.  A true and correct copy of the Complaint is attached as Exhibit B.  Sentinel received the mailing on December 19, 2019.  See 28 U.S.C. § 1446(a).  The Complaint named Sentinel Insurance Company, Ltd. as a defendant.  In addition, unidentified John Does and ABC Entities A-Z were named as co-defendants.  No other pleadings, orders or processes have been served upon Sentinel.  Sentinel is unaware of any state court pleadings in this matter beyond the attached Complaint and the summons that accompanied it.

3. The Federal Court Action and the State Court action both involve common questions of law and fact.  Accordingly, pursuant to F.R.C.P. 42, the Federal Court Action and removed State Court action should be consolidated into one action.

**PARTIES**

4. Plaintiff Sentinel is a foreign corporation organized under the laws of the State of Connecticut, with its principal place of business in Hartford, Connecticut.

5. Upon information and belief, defendant Benedetto is an individual and attorney at law admitted to practice in the State of New Jersey who is doing business as and/or is the sole owner and principal of the Benedetto Firm with an office located at 10,000 Lincoln

Drive East, Suite #201, Marlton, Burlington County, New Jersey (Complaint ¶ 2) and is a citizen of the State of Pennsylvania.

6. Upon information and belief, defendant the Benedetto Firm is a law firm with locations in New Jersey, Pennsylvania, New York, Nevada, Maryland, Michigan, Louisiana and Arkansas, and maintains an office located at 10,000 Lincoln Drive East, Suite #201, Marlton, Burlington County, New Jersey and an office located at 1615 S. Broad Street, Philadelphia, PA 19148 (Complaint ¶ 3).

7. Upon information and belief, defendant Groff is an individual employed by the Benedetto Firm and/or Benedetto and is a citizen of the State of New Jersey.

8. Accordingly, there is complete diversity between the Plaintiffs and the Defendant in this case.

## JURISDICTION AND VENUE

9. The basis for removal is 28 U.S.C. § 1441, which generally authorizes removal of actions over which the district courts of the United States would have original jurisdiction.

10. The Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332, the diversity statute, which states "the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." See 28 U.S.C. § 1332(a)(1).

11. The amount in controversy exceeds $75,000. Plaintiffs claim that they have been damaged as a result of Sentinel's breach of its duties under policies of insurance allegedly issued to the Law Offices of Conrad J. Benedetto (Complaint ¶ 6). Plaintiffs allege that Sentinel owes Plaintiffs a duty defend and indemnify Plaintiffs in connection with two

underlying actions captioned *Brian Nunez v. The Law Offices of Conrad J. Benedetto, et al.,* Case No. CAM-L-003997-18 (N.J. Super. Ct., Camden Co.), and *John Doe v. The Law Offices of Conrad J. Benedetto, et al.,* Case No. CAM-L-004588-18 (N.J. Super. Ct., Camden Co.) (Complaint ¶1).

12. Plaintiffs seek compensatory damages, "an award of attorney's fees, costs of suit, pre-, and post judgment interest," and "such other and further relief as the Court deems appropriate. (Complaint, "Wherefore" clauses). Plaintiffs also seek "sums that Plaintiffs become liable to pay with respect to the underlying actions" (Complaint ¶ 19) and "recoveries in excess of Plaintiffs' policy limits "to the extent settlement opportunities cannot be accepted because of Defendant's wrongful conduct." (Complaint ¶ 28). Sentinel's policies contain liability limits of insurance of $1,000,000.

13. Accordingly, the amount in controversy far exceeds $75,000. See 28 U.S.C. § 1332(a).

## TIMELINESS

14. Removal pursuant to 28 U.S.C. § 1441 is timely because removal pursuant to that provision is permissible within 30 days after receipt of a copy of a pleading from which it may first be ascertained that the case is one which is or has become removable, which occurred on December 19, 2019. See 28 U.S.C. § 1446(b)(3).

15. Nothing in this Notice shall constitute a waiver of Defendant's right to object to service or jurisdiction.

## FILING WITH STATE COURT

16. Sentinel will file promptly a copy of this Notice of Removal with the Clerk of the Superior Court of New Jersey, Law Division, Burlington County, where the action

4

has been pending, and will serve the same upon all adverse parties as required by 28 U.S.C § 1446(d).

WHEREFORE, Defendant Sentinel Insurance Company, Ltd. respectfully submits this Notice of Removal removing this case from the Superior Court of New Jersey, Law Division, Cumberland County, to this Court.

Dated:  White Plains, New York
January 15, 2020

           MENZ BONNER KOMAR & KOENIGSBERG LLP


By: */s/ Patrick D. Bonner Jr.*
     Patrick D. Bonner Jr.
     (pbonner@mbkklaw.com)

One North Lexington Avenue, Suite 1550
White Plains, New York 10601
Tel.:  (914) 949-0222/ Fax:  (914) 997-4117
*Attorneys for Defendant Sentinel Insurance Company, Ltd.*