# EXHIBIT B

**OPTIMUM LAW GROUP, P.C.**
By: Joseph D. Lento, Esquire
Attorney ID #: 013252008
By: Kimmo Z. H. Abbasi, Esquire
Attorney ID#: 031892002
3000 Atrium Way – Suite 200
Mt. Laurel, NJ 08054
Tel.: 856-652-2000 Fax: 856-375-1010
Email: jdlento@optimumlawgroup.com
Email: khabbasi@optimumlawgroup.com
**Attorney for Plaintiffs**

LAW DEPARTMENT

DEC 19 2019

LITIGATION UNIT

---

| | |
|---|---|
| CONRAD J. BENEDETTO, THE LAW OFFICES OF CONRAD J. BENEDETTO and JOHN GROFF<br><br>Plaintiff<br><br>v.<br><br>SENTINEL INSURANCE COMPANY, LTD. JOHN DOES AND ABC ENTITIES A-Z<br><br>Defendants | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>BURLINGTON COUNTY<br><br>DOCKET NO.: BUR-L-002611-19<br><br>**CIVIL ACTION**<br><br>**Summons** |

THE STATE OF NEW JERSEY, TO THE ABOVE NAMED DEFENDANT(S):

SENTINEL INSURANCE COMPANY, LTD.

YOU ARE HEREBY SUMMONED IN A CIVIL ACTION IN THE SUPERIOR COURT OF NEW JERSEY, INSTITUTED BY THE ABOVE-NAMED PLAINTIFF(S), AND REQUIRED TO SERVE UPON THE ATTORNEY(S) FOR THE PLAINTIFF(S), WHOSE NAME AND OFFICE ADDRESS APPEARS ABOVE, AN ANSWER TO THE COMPLAINT WITHIN THIRTY-FIVE (35) DAYS AFTER THE SERVICE OF THE SUMMONS AND COMPLAINT UPON YOU, EXCLUSIVE OF THE DATE OF SERVICE. IF YOU FAIL TO ANSWER, JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE RELIEF DEMANDED BY THE COMPLAINT. YOU SHALL PROMPTLY FILE YOUR ANSWER AND PROOF OF SERVICE THEREOF IN DUPLICATE WITH THE CLERK OF THE SUPERIOR COURT, CN-971, TRENTON, NEW JERSEY 08625, IN ACCORDANCE WITH THE RULES OF CIVIL PRACTICE AND PROCEDURE.

IF YOU CANNOT AFFORD TO PAY AN ATTORNEY, CALL A LEGAL SERVICES OFFICE. AN INDIVIDUAL NOT ELIGIBLE FOR FREE LEGAL ASSISTANCE MAY OBTAIN A REFERRAL TO ANY ATTORNEY BY CALLING A COUNTY LAWYER REFERRAL SERVICE. THESE NUMBERS MAY BE LISTED IN THE YELLOW PAGES OF YOUR PHONE BOOK OR MAY BE OBTAINED BY CALLING THE NEW JERSEY STATE BAR ASSOCIATION LAWYER REFERRAL SERVICE TOLL-FREE 800-792-8315 (WITHIN NEW JERSEY) OR 609-394-1101 (FROM OUT OF STATE). THE PHONE NUMBERS FOR THE COUNTY IN WHICH THIS ACTION IS PENDING ARE: LAWYER REFERRAL SERVICE, (609) 261-4862, LEGAL SERVICES OFFICE (609) 261-1088.

<u>MICHELLE SMITH, ESQUIRE</u>

DATED: DECEMBER 9, 2018          CLERK, SUPERIOR COURT

NAME OF DEFENDANT TO BE SERVED: SENTINEL INSURANCE COMPANY, LTD., 1 HARTFORD PLAZA
HARTFORD, CT 06105
BY REGULAR MAIL/CERTIFIED MAIL/RRR/7019 0140 000 9528 6673

**OPTIMUM LAW GROUP, P.C.**
By: Joseph D. Lento, Esquire
    Attorney ID No.: 036252003
    Kimmo Z.H. Abbasi, Esquire
    Attorney ID No.: 031892002
3000 Atrium Way – Suite #200
Mt. Laurel, NJ 08054
Telephone: 856-652-2000
Facsimile: 856-375-1010
Email: Jdlento@optimumlawgroup.com
Attorney for Plaintiffs, Conrad J. Benedetto, Law Offices of Conrad J. Benedetto & John Groff.

| | |
|---|---|
| CONRAD J. BENEDETTO, THE LAW OFFICES OF CONRAD J. BENEDETTO, and JOHN GROFF, <br><br> Plaintiffs, <br> vs. <br><br> SENTINEL INSURANCE COMPANY, LTD, JOHN DOES AND ABC ENTITIES A-Z <br><br> Defendant | SUPERIOR COURT OF NEW JERSEY <br> BURLINGTON COUNTY <br> LAW DIVISION <br><br> DOCKET NO. <br> CIVIL ACTION <br><br><br> **COMPLAINT FOR** <br> **DECLARATORY RELIEF** |

Plaintiffs Conrad J. Benedetto, The Law Offices of Conrad J. Benedetto and John Groff (collectively Plaintiffs), allege as follows against Defendant Sentinel Insurance Company, Ltd ("Sentinel"):

1. This is an action for declaratory relief, pursuant to R. 4:42-3, requesting a judgment declaring that Defendant Sentinel has a duty to defend or indemnify Plaintiffs with respect to two lawsuits filed in Superior Court of New Jersey, Camden County, specifically (1) <u>Brian Nunez v. The Law Offices of Conrad J. Benedetto, et. als.</u>, Docket No. CAM-L-3997-18 and (2) <u>Javier Nava v. The Law Offices of Conrad J. Benedetto, et. als.</u>, Docket No. CAM-L-4588-18 ("Underlying Actions").

1

2. Plaintiff Conrad J. Benedetto is an individual and attorney at law admitted to practice in the State of New Jersey with a New Jersey address of 10,000 Lincoln Drive East, Suite #201, Marlton, Burlington County New Jersey.

3. Plaintiff, Law Offices of Conrad Benedetto is a law firm with an office located at with a address of 10,000 Lincoln Drive East, Suite #201, Marlton, Burlington County New Jersey as well as, 1615 S. Broad Street, Philadelphia, PA 19148.

4. Plaintiff John Groff was the former office manager of the Law Offices of Conrad Benedetto.

5. Defendant Sentinel is an insurer organized under the laws of Connecticut with it principal place of business in Hartford, CT.

6. Defendant Sentinel issued five general liability insurance policies to the Law Offices of Conrad J. Benedetto: 38 SBA BX9035 (10/12/2015 – 10/12/2016); 38 SBA BX9035 (10/12/2016-10/12/2017); 38 SBA BX9035 (10/12/2017-10/12/2018); 38 SBA BX9035 (10/12/2018-10/12/2019); 38 SBA BX9035 (10/12/2019-10/12/2020), the ("Sentinel Policies").

7. The Sentinel Policies included a Business Liability Coverage endorsement for "bodily injury", "property damage" and "personal and advertising injury".

8. Under § A(1)(a) of the Business Liability Coverage endorsement, Sentinel was required to pay those sums that the insured became legally obligated to pay as damages because of "bodily injury", "property damage", or "personal and advertising injury" to which the insurance applied. Sentinel also had a right and duty to defend the insured against any "suit" seeking damages, so far as the insurance applied.

9. Under § A(1)(b) of the Business Liability Coverage, the insurance applied to "personal and business advertising injury" caused by an offense arising out of your business, but only if the offense was committed in the "coverage territory" during the policy period.

10. The Sentinel Policies contemplate coverage to Plaintiffs by Defendant Sentinel for the claims for damages asserted in the underlying actions.

11. Nevertheless, by letter dated November 4, 2019, Defendant Sentinel advised Plaintiffs that it was denying coverage and a defense to the underlying actions.

## COUNT ONE
## DECLARATORY RELIEF – DEFENDANT'S DUTY TO DEFEND

12. Plaintiffs incorporate by reference and repeat and reallege the allegations contained in Paragraphs 1 through 11 of the Complaint as if fully set forth herein.

13. The Sentinel Policies obligated Sentinel to defend the insured for any suit seeking damages because of "bodily injury", "property damage" or "personal and advertising injury" to which the insurance applied.

14. The Sentinel Policies require Defendant Sentinel to defend Plaintiffs with respect to the underlying actions.

15. An actual controversy exists between Plaintiffs and Defendant Sentinel as to the existence of coverage under the Sentinel Policies in connection with the underlying actions as Defendant Sentinel has denied a duty to defend Plaintiffs in the underlying actions.

16. Based on Defendant Sentinel's actions, Plaintiffs have been damaged.

**WHEREFORE**, Plaintiffs request that the Court enter judgment against Defendant Sentinel as follows:

(1) Declaring that Defendant Sentinel has a duty to defend Plaintiffs in the underlying actions pursuant to the Sentinel Policies;

(2) An award of compensatory damages;

(3) An award of attorney's fees, costs of suit, pre -, and post-judgment interest; and

(4) Such other and further relief as the Court deems appropriate.

## COUNT TWO
## DECLARATORY RELIEF – DEFENDANT'S DUTY TO INDEMNIFY

17. Plaintiffs incorporate by reference and repeat and reallege the allegations contained in Paragraphs 1 through 16 of the Complaint as if fully set forth herein.

18. The Sentinel Policies obligated Defendant Sentinel to pay those sums that an insured becomes legally liable to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which the insurance applied.

19. The Sentinel Policies require Defendant Sentinel to pay those sums that Plaintiffs become liable to pay with respect to the underlying actions.

20. An actual controversy exists between Plaintiffs and Defendant Sentinel as to the existence of coverage under the Sentinel Policies in connection with the Underlying Actions as Defendant Sentinel has denied a duty to defend Plaintiffs.

21. Based on Defendant Sentinel's actions, Plaintiffs have been damaged.

**WHEREFORE**, Plaintiffs request that the Court enter judgment against Defendant Sentinel as follows:

4

(1) Declaring that Defendant Sentinel has a duty to indemnify Plaintiffs for any damages stemming from the Underlying Actions;

(2) An award of compensatory damages;

(3) An award of attorney's fees, costs of suit, pre -, and post-judgment interest; and

(4) Such other and further relief as the Court deems appropriate.

## COUNT THREE
## BREACH OF CONTRACT

22. Plaintiffs incorporate by reference and repeat and reallege the allegations contained in Paragraphs 1 through 21 of the Complaint as if fully set forth herein.

23. Defendant Sentinel's repudiation of its contractual obligations is a breach of the Sentinel Policies that has proximately caused Plaintiffs to suffer damages, including attorney's fees, and other costs in the underlying cases, and to be exposed to future losses.

24. Defendant Sentinel is entitled to recover its reasonable attorney's fees necessitated to enforce its rights under the Sentinel Policies described in this case.

**WHEREFORE**, Plaintiffs request that the Court enter judgment against Defendant Sentinel as follows:

(1) An award of compensatory damages;

(2) For its attorney's fees, costs of suit, pre -, and post-judgment interest; and

(3) Such other and further relief as the Court deems appropriate.

## COUNT FOUR
## BAD FAITH

25. Plaintiffs incorporate by reference and repeat and reallege the allegations contained in Paragraphs 1 through 24 of the Complaint as if fully set forth herein.

26. By virtue of the provisions of the Sentinel Policies they issued and for which they accepted substantial premiums, Defendant Sentinel is a fiduciary and owes Plaintiffs the highest degree of care to act fairly and reasonably in evaluation and disposition of claims against Plaintiffs.

27. Defendant Sentinel has breached this obligation by prejudging negatively the circumstances of the underlying claims and then crafting such investigations as was performed and any analysis of coverage so as to support that decision rather than being guided by the language of the policies they issued and the controlling authority.

28. As a direct and proximate result of these errors and omissions by Defendant Sentinel, Plaintiffs have sustained substantial damages as set forth above and also by having to retain counsel in this action to vindicate its rights. Plaintiffs pray for recovery of its attorney's fees in this action and for any other damages it may prove itself entitled to, including but not limited to recoveries in excess of Plaintiffs' policy limits in the event settlement opportunities cannot be accepted because of Defendant's wrongful conduct.

**WHEREFORE**, Plaintiffs request that the Court enter judgment against Defendant Sentinel as follows:

(1) An award of compensatory damages;

(2) For its attorney's fees, costs of suit, pre -, and post-judgment interest; and

(3) Such other and further relief as the Court deems appropriate.

## COUNT FIVE
## JOHN DOES and ABC ENTITIES A-Z

29. Plaintiffs incorporate by reference and repeat and reallege the allegations contained in Paragraphs 1 through 28 of the Complaint as if fully set forth herein.

30. At all times relevant to this action, defendant(s), JOHN DOES and ABC ENTITIES A-Z, inclusive, are fictitious names for defendants and entities whose identities are unknown at present, but who constitute persons, partnerships, joint ventures, corporations, associations, or other forms of private business entities, the identities of which are unknown at present, but who participated in the tortious actions of defendants described herein, whether by way of their negligent failure to supervise, negligent failure to instruct and counsel, negligent participation in the acts complained of, agents, betters or co-conspirators, and in other ways as yet undetermined.

31. As a direct and proximate results of the action or inactions of the defendant(s), JOHN DOES and ABC ENTITIES A-Z, Plaintiffs, have suffered severe financial harm.

**WHEREFORE**, Plaintiffs request that the Court enter judgment against Defendant Sentinel as follows:

(1) An award of compensatory damages;

(2) For its attorney's fees, costs of suit, pre -, and post-judgment interest; and

(3) Such other and further relief as the Court deems appropriate.

### DESIGNATION OF TRIAL COUNSEL

Pursuant to New Jersey Court Rule 4:25-4, Kimmo Z.H. Abbasi, Esquire is hereby designated as trial counsel for the Plaintiffs in the above matter.

## CERTIFICATION OF NO OTHER ACTIONS

Pursuant to Rule 4:5-1, it is hereby stated that the matter in controversy is not the subject of any other action pending in any other court or arbitration proceeding to the best of our knowledge or belief. Also, to the best of our knowledge or belief, no other action or arbitration proceeding is contemplated. Further, other than the parties set forth in this pleading, we know of no other parties that should be joined in the above captioned matter. In addition, we recognize the continuing obligation of each party to file and serve on all parties and the Court an amended certification if there is a change in the facts stated in this original certification.

OPTIMUM LAW GROUP, P.C.

*Joseph D Lento*

_____
Joseph D. Lento, Esquire
Kimmo Z.H. Abbasi, Esquire
Attorneys for the Plaintiffs

Dated: December 12, 2019

# Civil Case Information Statement

### Case Details: BURLINGTON | Civil Part Docket# L-002611-19

**Case Caption:** BENEDETTO CONRAD VS SENTINEL INSURANCE C OMPANY
**Case Initiation Date:** 12/14/2019
**Attorney Name:** JOSEPH D LENTO
**Firm Name:** OPTIMUM LAW GROUP, P.C.
**Address:** 3000 ATRIUM WAY STE # 200
MT. LAUREL NJ 08054
**Phone:** 8566522000
**Name of Party:** PLAINTIFF : Benedetto, Conrad, J
**Name of Defendant's Primary Insurance Company (if known):** None

**Case Type:** OTHER INSURANCE CLAIM (INCLUDING DECLARATORY JUDGMENT ACTIONS)
**Document Type:** NJ eCourts Case Initiation Confirmation
**Jury Demand:** NONE
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO
**Are sexual abuse claims alleged?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Business

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**


**Do you or your client need any disability accommodations?** NO
    **If yes, please identify the requested accommodation:**


**Will an interpreter be needed?** NO
    **If yes, for what language:**


**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO


I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

12/14/2019
Dated

/s/ JOSEPH D LENTO
Signed

Optimum™

Joseph D. Lento, Esquire
3000 Atrium Way – Suite # 200
Mt. Laurel, NJ 08054

CERTIFIED MAIL

7019 0140 0000 9528 6673

U.S. POSTAGE PAID
FCM LETTER
BELLMAWR, NJ
08031
DEC 17, 19
AMOUNT
$7.00
R2304M113166-09

SENTINEL INSURANCE COMPANY, LTD.
1 HARTFORD PLAZA
HARTFORD, CT 06105

LEGAL

LAW DEPARTMENT

DEC 19 2019

LITIGATION UNIT