UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---------------------------------------------------------------------x
CONRAD J. BENEDETTO, THE LAW
OFFICES OF CONRAD J. BENEDETTO, and
JOHN GROFF,

                     Plaintiffs,

      -vs-

SENTINEL INSURANCE COMPANY, LTD.,
JOHN DOES and ABC ENTITIES A-Z,

                     Defendants.
---------------------------------------------------------------------x

Case No.:
1:20-cv-00483-RMB-AMD
Magistrate Judge Ann Marie Donio

**JOINT DISCOVERY PLAN**

1. Set forth the name of each attorney appearing, the firm name, address and telephone number and facsimile number of each, designating the party represented.

| | |
|---|---|
| Anthony Scordo, Esq. | Patrick D. Bonner Jr. |
| Optimum Law Group, P.C. | Menz Bonner Komar & Koenigsberg LLP |
| 300 Atrium Way – Suite 200 | One North Lexington Avenue, Suite 1550 |
| Mt. Laurel, NJ 08054 | White Plains, NY 10601 |
| Tel.: (856) 652-2000 | Tel.: (914) 949-0222 |
| Fax: (856) 375-1010 | Fax: (914) 997-4117 |
| *Attorneys for Plaintiffs* | *Attorneys for Defendant Sentinel Insurance Company, Ltd.* |

2. Set forth a brief description of the case, including the causes of action and defenses asserted.

Plaintiffs seek a declaration that Sentinel Insurance Company, Ltd. has a duty to defend and indemnify Defendants in connection with two underlying lawsuits filed in the Superior Court of the State of New Jersey that seek to recover damages and other relief from Plaintiffs for discrimination and retaliation under the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, *et. seq.* as a result of alleged unwanted sexual advances, harassment, and solicitation of sexual relations in return for legal services which was directed at the underlying plaintiff clients of the Benedetto Firm. Plaintiffs allege the following causes of action: Declaratory Relief – Defendant's Duty to Defend; (2) Declaratory Relief – Defendant's Duty to Indemnify; (3) Breach of Contract; and (4) Bad Faith. Plaintiffs also name unknown John Does and ABC entities who participated in the actions of defendants. Sentinel disclaimed coverage for the

underlying claims, believes it has no coverage obligations for the same and has asserted various affirmative defenses, including but not limited to, that the underlying actions do not qualify as personal and advertising injury under the policies, the existence of a prior pending action, lack of fortuity and intentional acts, claims at issue do not seek covered damages for bodily injury or property damage and the claims are barred by the employment-related practices exclusion.

3. Have settlement discussions taken place? Yes___No _X__

   (a) What was plaintiff's last demand?

      (1) Monetary demand: $_____
      (2) Non-monetary demand: _____

   (b) What was defendant's last offer?
      (1) Monetary offer: $_____
      (2) Non-monetary offer: _____

4. The parties [have _X_ have not __] met pursuant to Fed.R.Civ.P. 26(f): January 28, 2020

5. The parties [have__ have not _X_] exchanged the information required by Fed. R. Civ. P. 26(a)(l). If not, state the reason therefor. The parties will exchange disclosures on or before February 25, 2020. See 8(c)(1) below.

6. Explain any problems in connection with completing the disclosures required by Fed R. Civ. P. 26(a)(l) N/A

7. The parties [have __ have not _X_] conducted discovery other than the above disclosures. If so, describe.

8. Proposed joint discovery plan:

   (a) Discovery is needed on the following subjects: Facts concerning underlying claims at issue and underlying damages.

   (b) Discovery [should __ should not _X_] be conducted in phases or be limited to particular issues. Explain.

   (c) Proposed schedule:

      (1) Fed. R. Civ. P. 26 Disclosures February 25, 2020.

      (2) E-Discovery conference pursuant to L.Civ.R. 26.l(d): January 28, 2020

      (3) Service of initial written discovery March 6, 2020.

       (4) Maximum of <u>25</u> Interrogatories by each party to each other party.

       (5) Maximum of <u>10</u> depositions to be taken by each party.

       (6) Motions to amend or to add parties to be filed by <u>May 4, 2020</u>.

       (7) Factual discovery to be completed by <u>May 22, 2020</u>

       (8) Plaintiff's expert report due on <u>June 22, 2020</u>

       (9) Defendant's expert report due on <u>July 22, 2020</u>

       (10) Expert depositions to be completed by <u>August 21, 2020</u>

       (11) Dispositive motions to be filed by <u>September 30, 2020</u>.

    (d)    Set forth any special discovery mechanism or procedure requested. <u>N/A</u>

    (e)    A pretrial conference may take place on _____

    (f)    Trial date _____ (____Jury Trial; __X__ Non-Jury Trial).

9. Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of-state witnesses or documents, etc.)? Yes <u>X</u> No ___ .
If so, please explain. <u>Upon information and belief, parties in the underlying actions reside out-of-state and the parties may encounter difficulty in serving subpoenas and having those parties appear for depositions.</u>

10. Do you anticipate any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced?

    Yes ____ No <u>X</u> .

    If so, how will electronic discovery or data be disclosed or produced? Describe any agreements reached by the parties regarding same, including costs of discovery, production, related software, licensing agreements, etc.

    <u>Document shall be produced electronically in PDF format; originals preserved. Parties are not required to produce metadata.</u>

11. Do you anticipate entry of a Discovery Confidentiality Order? See L.Civ.R. 5.3(b) and Appendix S.
Yes <u>X</u> No ____ .

12. Do you anticipate any discovery problem(s) not listed above? Describe. Yes ____ No _X_ .

13. State whether this case is appropriate for voluntary arbitration (pursuant to Local Civil Rule 201.1 or otherwise) or mediation (pursuant to Local Civil Rule 301.1 or otherwise). If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition or dispositive motions, etc.). <u>Mediation to be held after fact discovery</u>.

14. Is this case appropriate for bifurcation? Yes _X_ No ___

15. An interim status/settlement conference (with clients in attendance), should be held in

    <u>May 2020</u>.

16. We [do ____ do not _X_] consent to the trial being conducted by a Magistrate Judge.

17. Identify any other issues to address at the Rule 16 Scheduling Conference. None.

s/ Patrick D. Bonner Jr./ February 4, 2020
_____
Attorney(s) for Plaintiff(s) /Date

_____ 1/31/20
Attorney(s) for Defendant(s) /Date

4